UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JERRY SOMERSET,** : | |
| Plaintiff, : | Civ. No. 19-19707 (KM) |
| v. : | |
| **PARTNERS PHARMACY LLC,** : <br> **STRATEGIC DELIVERY** <br> **SOLUTIONS LLC,** : <br> **JUDGE FRANK COVELLO,** <br> **JOSEPH ELAM, and** : <br> **LAWRENCE D. EICHEN, ESQ.,** <br> : <br> Defendants. | **AMENDED OPINION** |

Mr. Jerry Somerset has recently filed a civil complaint in this matter, citing, *inter alia,* the Americans with Disabilities Act (ADA). (I will refer to this, the above-captioned case, as *Somerset III,* for reasons that will immediately become clear.) The complaint was accompanied by an application to proceed *in forma pauperis* ("IFP"), which I have granted, permitting it to be filed without a fee.

The complaint is accompanied by plaintiff's Civil Cover Sheet. This, under "Related Cases, If Any," discloses the prior state court litigation that is the subject of the complaint. *Somerset v. Elam,* No. DC-06311-15 (N.J. Superior Court, Law Division, Special Civil Part) ("*Somerset I*"). It does not disclose the prior federal action filed by Mr. Somerset against the same defendants, based on the same events. *Somerset v. State of New Jersey, et al.,* Civ. No. 17-993 (D.N.J.) ("*Somerset II*"). *Somerset II* was dismissed with prejudice after considerable motion practice, on grounds including *Rooker-Feldman,* failure to state a claim, and judicial immunity. Because this current action, *Somerset III,* asserts similar claims against the same parties based on the same events, it will be dismissed on *res judicata* grounds, pursuant to 28 U.S.C § 1915(e).

1

**Discussion**

Having granted IFP status, the court is obligated to screen the allegations of the complaint to determine whether it

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e).[1]

The second ground, failure to state a claim, incorporates the familiar standards under Fed. R. Civ. P. 12(b)(6).[2] On a Rule 12(b)(6) motion, a complaint may be dismissed on *res judicata* grounds, where the necessary facts are "apparent on the face of the complaint." *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *Smith v. Hillside Village*, No. CV 17-0883 (KM), 2018 WL 588923, at *3 (D.N.J. Jan. 26, 2018). *Res judicata* may

---

[1]     [T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000)(§ 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).

*Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007). *See also Johnson v. Rihanna*, No. CV 18-448, 2018 WL 3244630, at *1 (W.D. Pa. June 13, 2018), *report and recommendation adopted*, No. CV 18-448, 2018 WL 3239819 (W.D. Pa. July 2, 2018).

[2]     Very briefly, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Where the plaintiff, like Mr. Somerset here, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

likewise be a fit basis for dismissal on IFP screening under 28 U.S.C. § 1915. *See McMillian v. Trans World Airlines*, No. 08–4449, 2009 WL 1396780, at *1 (3d Cir. May 20, 2009) (dismissing appeal from order *sua sponte* dismissing complaint on *res judicata* grounds under Section 1915); *Britt v. United Steel Workers Local 2367*, 319 F. App'x 89, 90 (3d Cir. 2008) (affirming order *sua sponte* dismissing complaint for same).

*Res judicata* of course requires the court to consider the contents of a prior judicial decision. On a motion to dismiss, the court may consider a prior judicial decision, particularly its own, not for the truth of facts therein, but for its existence and legal effect. *Smith, supra* (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999)). *See generally* Fed. R. Evid. 201. Here, *Somerset I* is indirectly relevant, and *Somerset II* is directly relevant.

*Somerset I* was a suit filed by Mr. Somerset against Mr. Elam in state court. Somerset, who is vision-impaired, alleged that he made the down payment on a van for his friend, defendant Elam, to drive in connection with their floor refurbishing business. Elam, he alleged, took advantage of his disability and used the van in another business (apparently involving deliveries for pharmacies). This, Somerset alleged, violated their agreement to share and share alike. That state court matter went to trial. Mr. Somerset did not prevail, however, and judgment was entered in favor of Elam.

On February 14, 2017, Mr. Somerset filed the complaint in *Somerset II* in federal district court, and it was assigned to me. The theories of recovery seemed to include the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, impairment of contracts, and/or fraud and breach of contract. The facts alleged were similar. Mr. Somerset expanded his claims, however, to encompass the businesses in which the van was used, and he asserted claims that his rights were violated by the judge and opposing attorney in the *Somerset I* state court action. Mr. Somerset sued the State of New Jersey; the Hon. Frank Covello, J.S.C., the presiding judge in *Somerset I*; Lawrence D.

3

Eichen, Elam's attorney in *Somerset I*; and Joseph Elam. Also sued were Strategic Delivery Systems ("SDS") and Partners Pharmacy LLC, seemingly the other businesses in which Elam allegedly used the van without Somerset's permission.

The relevant rulings in *Somerset II* are as follows:

(a) On September 26, 2017, the Court filed an Order (DE 31) and Opinion (DE 30, amended DE 70), dismissing the complaint as against the State of New Jersey, Judge Covello, Eichen, and Partners, without prejudice to the filing, within 30 days, of an amended complaint. (An amended complaint was filed on October 23, 2017. (DE 37))

(b) On June 20, 2018, the Court filed an Opinion (DE 60) and Order (DE 61) dismissing the amended complaint as against the State of New Jersey, Judge Covello, and Partners, this time with prejudice.

(c) On March 4, 2019, the Court filed an Opinion (DE 77) and Order (DE 78) dismissing the amended complaint as against the remaining defendant, SDS. This dismissal was with prejudice, and the clerk was directed to close the file.[3]

Now, Mr. Somerset has filed *Somerset III* in this Court. This action substantially duplicates *Somerset II*. The list of defendants is the same: Partners, SDS, Judge Covello, Elam, and Eichen. (The State of New Jersey has been dropped.) The underlying facts are the same: Mr. Somerset alleges that he invested in the van; that Elam took advantage of his disability and diverted the vehicle to another business (involving Partners and SDSR); and that Judge Covello and attorney Eichen violated his rights in the course of the *Somerset I* proceeding. He adds that the items transported in the van included illegal opioids. (*See Somerset III* Cplt., DE 1)

Claim or issue preclusion as between two federal actions is governed by federal standards. Claim preclusion has three essential elements: "(1) a final

---

3   Mr. Somerset and an associate, Ronald Bass, nevertheless continued to file motions and letters.

judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Indus.*, Inc., 746 F.2d 977, 983 (3d Cir. 1984). Issue preclusion bars relitigation of a legal or factual issue when "(1) the issue ... is the same as that involved in the prior action; (2) the issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment. *Peloro v. United States*, 488 F.3d 163, 174–75 (3d Cir. 2007) (citations omitted)." *SEC v. Lazare Indus., Inc.*, 294 F. App'x 711, 714 (3d Cir. 2008).

This is not a close case. Mr. Somerset sued Mr. Elam in state court, and lost; the remedy for any error in that proceeding lies in the state appellate courts. Instead, he sued Elam and others in federal court, but eventually his complaint, after one opportunity to amend, was dismissed with prejudice. Again, his remedy for any error was an appeal to the United States Court of Appeals for the Third Circuit, once final judgment was entered on March 4, 2019.[4] *See Olaniyi v. Alexa Cab Co.*, 239 F. App'x 698, 699 (3d Cir. 2007) (to challenge district court decision, plaintiff must either move for reconsideration or seek appellate review, but may not bring new action before a district court judge). Again, he did not avail himself of that appellate remedy, but has simply sued the same parties again, asserting essentially the same claims.

It is true that some facts have been added—primarily the allegation that the items transported included illegal opioids. The underlying transactions on which Mr. Somerset sues, however, are precisely the same. The *res judicata* doctrines preclude all claims arising out of the same facts that were or could have been asserted in the prior action. *See Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

---

4     He did file a premature notice of appeal in 2018, but this was dismissed on jurisdictional grounds, because there had not yet been a final decision in the case. (DE 67 (Nov. 7, 2018)). No notice of appeal was filed following the court's final decision.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED on screening pursuant to 28 U.S.C. § 1915(e). This amended opinion corrects typographical or editing errors in the original (DE 3); there is no change in substance. The order (DE 4) dismissing the case remains in effect, and the file is closed.

Dated: November 7, 2019

KEVIN MCNULTY
United States District Judge